Filed 4/9/21  Johnson v. Diaz CA5
Received after posting hours on 4/12/21

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ANTHONY L. JOHNSON,<br><br>        Plaintiff and Appellant,<br><br>                v.<br><br>RALPH DIAZ, as Secretary of the Department of Corrections and Rehabilitation, etc.,<br><br>        Defendant and Respondent. | F081664<br><br>(Super. Ct. No. CV62993)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Anthony L. Johnson, in pro. per., for Plaintiff and Appellant.

Xavier Becerra, Attorney General, Monica N. Anderson, Assistant Attorney General, Misha D. Igra and Jaime M. Ganson, Deputy Attorneys General, for Defendant and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P.J., Meehan, J. and Snauffer, J.

1

Anthony L. Johnson, a self-represented inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR), appeals from a judgment entered after the trial court sustained a demurrer without leave to amend. As explained below, defendant Ralph Diaz, the Secretary of CDCR, is immune from liability for the injuries suffered by Johnson during an assault by another inmate. (See Gov. Code, §§ 820.2, 820.8, 844.6, subd. (a).)[1] As a result of this immunity, the demurrer was properly sustained without leave to amend and we need not address whether Johnson properly complied with the claim presentation requirements of the Government Claims Act. (§ 810 et seq.)

We therefore affirm the judgment.

## FACTS

Johnson is an inmate in the custody of CDCR. In 2015, CDCR created the sensitive needs yard to house inmates away from the general population for their safety. Johnson was assigned to this yard. With a new policy, CDCR introduced non-designated programming facilities. In May 2019, Johnson was notified his status had been changed and he would be placed in a non-designated programming facility. Johnson notified his correctional counselor and contacted staff at the ombudsman's office, explaining his fear of being attacked because of the nature of his criminal offenses.

Despite the notice Johnson provided to CDCR officials about his safety concerns, he was transferred to the non-designated programming facility at Sierra Conservation Center in May 2019. In July 2019, Johnson's physical fitness training coach, Jordan Curasi, informed Johnson that he could no longer work in the gym office around female physical fitness training coaches Fisher and Dwyer. Subsequently, Fisher and Dwyer shared Johnson's confidential criminal case information with two inmates, Catlett and

---

[1]     Unlabeled statutory references are to the Government Code.

2

Ferrando.  On August 2, 2019, inmate Ferrando confronted Johnson with confidential information from Johnson's criminal case and simultaneously attacked Johnson.

## PROCEEDINGS

In January 2020, Johnson filed a complaint alleging causes of action for general negligence, professional negligence, and intentional infliction of bodily injury.  The complaint included an exemplary damages attachment.  The complaint named Diaz, the Secretary of CDCR, and H.B. Anglea, the Warden of Sierra Conservation Center, as defendants along with 10 Doe defendants.

In April 2020, proofs of service were filed showing the summons and complaint had been served on Diaz, Anglea, Fisher and Dwyer.  Diaz filed a demurrer, contending he was immune from Johnson's claims and Johnson failed to comply with the Government Claims Act.

Johnson opposed the demurrer, arguing that CDCR and Diaz had a duty to protect him due to the nature of his criminal offenses and breached that duty by adopting the non-designated programming facilities policy and then sending him to such a facility.  Johnson asserted the facts he alleged "therefore constitute[d] professional negligence and general negligence against Diaz."  Johnson also argued he had stated a claim for an intentional tort against Diaz because Diaz authorized and implemented the non-designated programming facilities policy, which was illegal, and cruel and unusual punishment for those designated as sensitive needs inmates.  Addressing immunity, Johnson stated he was not trying to hold Diaz liable for the actions of subordinates, but was arguing Diaz was liable for his action in implementing the non-designated programming facilities policy, which caused Johnson to be placed in danger and allowed the assault to take place.

In May 2020, Diaz filed a reply in support of his demurrer.  Diaz asserted the complaint made no allegations against him except stating he was the Secretary of CDCR

3

and, therefore, the complaint failed to state a cause of action against him. Diaz also addressed the theory raised in Johnson's opposition to the demurrer—that is, Diaz was liable for implementing the non-designated programming facilities policy. Diaz argued the decision to implement the policy was discretionary and, therefore, that decision was protected by the immunity granted in sections 820.2 and 821.

On June 16, 2020, the trial court held a hearing on the demurrer. Counsel for Diaz appeared by CourtCall. Johnson did not appear. The court sustained the demurrer without leave to amend for failure to comply with the Government Claims Act prior to the filing of the lawsuit.

Subsequently, Johnson filed documents opposing the order and judgment proposed by Diaz. Johnson asked for leave to amend to include additional allegations addressing his compliance with the claim presentation requirements of the Government Claims Act.

On July 16, 2020, the trial court signed and filed an order and judgment stating the demurrer was sustained without leave to amend and "[j]udgment is hereby entered in favor of [Diaz] and against [Johnson]." Johnson filed a timely notice of appeal.

## DISCUSSION

I.      FAILURE TO STATE A CAUSE OF ACTION

A complaint must contain "[a] statement of the facts constituting the cause of action, in ordinary and concise language." (Code Civ. Proc., § 425.10, subd. (a)(1).) When a complaint "does not state facts sufficient to constitute a cause of action," a defendant may raise that objection by filing a demurrer. (Code Civ. Proc., § 430.10, subd. (e).) Determining whether a pleading alleges facts sufficient to constitute a cause of action is a question of law. (*Neilson v. City of California City* (2005) 133 Cal.App.4th 1296, 1305.)

Here, the complaint named Diaz as a defendant and stated he was the Secretary of CDCR. The complaint did not allege Diaz took any action or failed to act. It did not

4

allege Diaz owed Johnson a duty. The absence of allegations about acts or omission by Diaz also means the complaint did not address how Diaz proximately caused Johnson's injuries.

Accordingly, the demurrer was properly sustained on the ground Johnson failed to allege facts sufficient to state a cause of action against Diaz under any legal theory. We recognize the trial court sustained the demurrer based on a failure to comply with the Government Claims Act. However, appellate courts affirm a judgment of dismissal if it is correct on any ground stated in the demurrer, independent of the trial court's stated reasons. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

As a result of our conclusion that the complaint failed to allege facts sufficient to state a cause of action against Diaz, the pivotal issue in this appeal is whether Johnson should have been granted leave to amend his pleading.

II.     LEAVE TO AMEND AND IMMUNITY

A.     Basic Principles

A trial court's decision to sustain a demurrer without leave to amend is subject to review for an abuse of discretion. "[I]t is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment." (*Aubry v. Tri–City Hospital Dist.*, *supra*, 2 Cal.4th 962, 967.) The plaintiff has the burden of demonstrating a reasonable possibility of curing the defect. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Here, Diaz argues there is no point in granting leave to amend to allege that he implemented the non-designated programming facilities policy. Diaz contends such an allegation would be insufficient because he is immune from liability for his discretionary policy decisions. Based on this argument, we next review some of the statutes that provide immunity to state officials.

5

B.      Immunity

Section 820.2 provides:  "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."  Section 821 states:  "A public employee is not liable for an injury caused by his adoption of or failure to adopt an enactment or by his failure to enforce an enactment."  (See § 810.6 [*enactment includes a regulation*].)

In addition, public employees are not vicariously liable for the torts of subordinates.  Section 820.8 provides:  "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission."

A " 'workable definition' of immune discretionary acts draws the line between 'planning' and 'operational' functions of government.  [Citation.]  Immunity is reserved for those '*basic policy decisions* [which have] … been [expressly] committed to coordinate branches of government,' and as to which judicial interference would thus be 'unseemly.' "  (*Caldwell v. Montoya* (1995) 10 Cal.4th 972, 981.)  "[I]mmunity should attach to those decisions which involve 'basic policy' choices which, because they constitute an exercise of governmental administration, should ' "remain beyond the range of judicial inquiry." ' "  (*Ronald S. v. County of San Diego* (1993) 16 Cal.App.4th 887, 896.)  "On the other hand, … there is no basis for immunizing lower-level, or 'ministerial,' decisions that merely implement a basic policy already formulated." (*Caldwell*, *supra*, at p. 981.)

C.      Leave to Amend Was Properly Denied

The final step in our analysis is to apply the foregoing standards to Diaz's decision to abrogate the sensitive needs yard and adopt the non-designated programming facilities

6

policy. We conclude his decision to adopt the new policy was part of the planning function of CDCR and it involved a basic policy choice constituting an exercise of governmental administration. Stated from the opposite perspective, the decision to adopt the new policy was not a lower-level or ministerial decision that implemented a basic policy already formulated. (*Caldwell v. Montoya*, *supra*, 10 Cal.4th at p. 981.) In short, it was a change in policy.

As a result, Diaz is immune from liability for adopting the non-designated programming facilities policy (§ 820.2) and there is no reasonable probability Johnson could cure the defect in his complaint if granted leave to amend. Consequently, the trial court did not abuse its discretion when it sustained the demurrer without leave to amend.

## DISPOSITION

The judgment is affirmed. Respondent shall recover his costs on appeal.